**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TYRONE V. MOSES,                                                                                           PLAINTIFF
ADC #153122

v.                                             4:12CV00489-DPM-JTK

WINTER, et al.                                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Winter and Stewart (Doc. No. 23). By Order dated July 22, 2013, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order, noting that failure to respond to the Court's Order could result in the dismissal without prejudice of his Complaint, pursuant to Local Rule 5.5(c)(2) (Doc. No. 26).[1] Plaintiff then responded, requesting additional time, which this Court granted on September 13, 2013 (Doc. No. 28). Plaintiff responded a second time,

---

[1] Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

stating he can not read well, does not understand how to proceed, and lacks legal assistance (Doc. No. 29).[2]

Plaintiff Moses, a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction, filed this pro se action pursuant to 42 U.S.C. § 1983 while incarcerated as a pretrial detainee at the Faulkner County Detention Facility (Jail).  He alleges deliberate indifference to his serious medical needs by Defendants Nurse Winter and Dr. Garry Stewart, and asks for money damages (Doc. No. 2).  Defendants McClinton, Byrd, and Faulkner County were dismissed on December 18, 2012, for failure to state a claim upon which relief may be granted (Doc. No. 19).

According to his Complaint, while Plaintiff was incarcerated at the Jail in July, 2012, Defendant Stewart lowered his insulin dosage from 35 units to 20 units in the mornings, and from 30 units to 20 units in the evenings. (Doc. No. 2, p. 5). This lower dosage resulted in a weight loss from 256 pounds to 230 pounds, and deteriorating eyesight. (Id.)  Plaintiff passed out several times during his incarceration due to high blood sugar and Defendant Winter refused to give him proper dosages of insulin. (Id.)

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to

---

[2] In the July 22, 2013 Order directing his Response, the Court set forth specifically the information Plaintiff should include in his Response (Doc. No. 26). The Court also granted Plaintiff's August 7, 2013, request for additional time in which to respond (Doc. No. 28).

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

 **A. Defendants' Motion**

Defendants state Plaintiff's allegations against them should be dismissed, because they fail to support an Eighth Amendment claim. Plaintiff admits he was treated at the Jail for his diabetic condition. (Doc. No. 25-1, pp. 4-5.) He was seen by Defendant Stewart on June 28, 2012, July 19, 2012, and August 16, 2012, and Defendant Stewart further reviewed Plaintiff's blood sugar readings on June 7, 2012, June 21, 2012, July 5, 2012, July 12, 2012, July 19, 2012, July 26, 2012, August 30, 2012, and September 13, 2012. (Doc. Nos. 25-2, 25-3, 25-4.) Plaintiff's disagreement over the type of medical treatment he received does not support a constitutional violation, and Plaintiff does not claim that Defendants intentionally denied or delayed his medication to cause harm. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). In addition, Plaintiff provides no evidence to support a finding that any delay in his treatment caused him harm. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (abrogation on other grounds recognized by Reece v. Groose, 60 F.3d 487, 492 (8th Cir. 1995)). Finally, Defendants state that Plaintiff provides no proof to support his claim against

them in their official capacities, since he does not allege an unconstitutional County policy at issue, and, alternatively, that they are entitled to qualified immunity from liability.

**B.    Analysis**

Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the

record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d at 1326 (overruled in part on other grounds), quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Having reviewed Plaintiff's Complaint, Defendant's Motion, and the medical records provided in support, the Court finds no dispute of fact concerning the medical care and treatment provided to the Plaintiff by Defendants, and that Defendants are entitled to judgment as a matter of law on Plaintiff's claims against them. First, with respect to Defendant Winter, Plaintiff admitted in his deposition that he sued her only because she followed the doctor's orders and completed the medical records paperwork. (Doc. No. 25-1, p. 7: "She really didn't do nothing wrong. She just was signing the paperwork.") Next, he admitted that he saw Defendant Stewart on three to four occasions and was not aware whether Stewart monitored his daily blood sugar count. (Id., pp. 6, 8). Although he stated that the lower dosage of insulin was insufficient, rendering his sugar too high, he also admitted that he was restricted in his food purchases from the commissary due to his diabetic condition, and that officers confiscated from him food contrary to his diabetic diet, on more than one occasion. (Id., pp. 12, 15).

The medical records provided by Defendants show that during his incarceration, Plaintiff received daily doses of insulin and his blood sugar levels were recorded daily. (Doc. Nos. 25-3, 25-4.) Plaintiff does not allege that Defendants denied him treatment, and provides no evidence that the lower doses of insulin caused him harm. Plaintiff's allegations against Defendant Stewart are

at most based on negligence, which does not support an Eighth Amendment claim for relief. Therefore, absent any evidence to show that Defendants' actions resulted in a detriment to Plaintiff's health, and absent any response from Plaintiff to create a dispute of material fact, the Court finds as a matter of law that he presents no evidence of deliberate indifference by Defendants.

Defendants also are correct that Plaintiff's allegations against them in their official capacities should be dismissed, because he does not allege that an unconstitutional County policy or practice caused the alleged violations. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Instead, he stated in his deposition that Defendant Stewart violated jail policies and procedures. (Doc. No. 25-1, p. 18.)

Finally, in the alternative, Defendants state they are protected from liability by qualified immunity, which protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right

7

was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[3]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the medical records and the evidence in support of the Motion for Summary Judgment, the Court finds that Defendants acted reasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 23) be GRANTED and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 24th day of October, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson v. Correctional Medical Services, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).